**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA INDIRA USMANY; et al., Petitioners, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 13-74376 Agency Nos. A099-068-552 A099-068-553 A075-672-685 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2016**

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Brenda Indira Usmany and her family, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their application for

asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the BIA's determination that the incidents of mistreatment Usmany suffered in Indonesia did not cumulatively rise to the level of persecution. *See id.* at 1059-60 (two incidents of beatings and robbery and being accosted by a mob did not compel a finding of past persecution); *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (discrimination and harassment as a youth and being beaten by rioters did not compel a finding of past persecution). Substantial evidence also supports the BIA's determination that, even under a disfavored group analysis, Usmany failed to demonstrate sufficient individualized risk of harm to establish a well-founded fear of persecution in Indonesia. *See Halim*, 590 F.3d at 979. We reject petitioners' contention that the agency erred in its analysis. Thus, petitioners' asylum claim fails.

Having failed to establish eligibility for asylum, Usmany's withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT protection

13-74376

because Usmany failed to establish it is more likely than not she would be tortured by or with the consent or acquiescence of the government of Indonesia.  *See Wakkary*, 558 F.3d at 1068.  We reject petitioners' contention that the agency failed to consider record evidence.  Thus, Usmany's CAT claim fails.

**PETITION FOR REVIEW DENIED**.